IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 22-__10056__-TPA |
| | : | (Chapter 13) |
| WAYNE V. LEWIS | : | Judge Thomas P. Agresti |
| | : | |
| Debtor. | : | |
| WAYNE V. LEWIS | : | Document No. |
| Movant, | : | Related to Document No. |
| vs. | : | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB | : | |
| Respondent. | : | |

**OBJECTION TO THE CERTIFICATION OF COUNSEL ON THE OBJECTION
TO THE ALLOWANCE OF THE CLAIM OF WILMINGTON SAVINGS FUND SOCIETY, FSB
PURSUANT TO 11 U.S.C. § 502 AND BANKRUPTCY RULE 3007 AND
MOTION FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 7037**

Now comes the Debtor, WAYNE V. LEWIS, by and through counsel, MICHAEL J. GRAML, ESQ., and respectfully represents as follows:

1. The motion, brought pursuant to U.S.C. § 502 and Bankruptcy Rule 3007, was originally filed on May 20, 2022, objecting to the allowance of the claim of WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III ("WILMINGTON SAVINGS")[Doc. No. 25].

2. The motion consisted of two-prongs: an objection to the ***foreclosure costs*** and an objection to the ***foreclosure attorney's fees*** claimed by Respondent in their proof of claim (Claim No. 3).

**A. FORECLOSURE COSTS**

3. On or about April 13, 2022, WILMINGTON SAVINGS FUND SOCIETY, FSB filed a proof of claim (Claim No. 3) asserting as part of its claim ("Part 2: Total Debt Calculation") which included an amount for "[f]ees, costs due" of $2,593.81.

4. As part of its claim for "[f]ees, costs due," WILMINGTON SAVINGS FUND SOCIETY, FSB included therein various charge(s) for "FC Attorney Cost" of $2,100.00 (consisting of individual charges in the amount of $2000.00, $65.00 and $35.00) on or about January 25, 2022.

5. Each of the aforementioned charges were assessed to the mortgage account of the Debtor, without any other designation included or further information that the charges were actually incurred in furtherance of the foreclosure proceeding.

6. Although Respondent attempted to argue in their initial response that although no publication of a Sheriff's Sale ever took place, the publication costs were actually incurred because they billed their client [Doc. No. 30, paragraph 16]; through the ***Certification of Counsel Regarding Pre-Petition Attorney's Fees and Costs*** [Doc. No. 36] filed on August 10, 2022, Respondent has agreed to withdraw their claim for the publication costs ($2,000.00).

7. Therefore, as to the ***foreclosure costs*** as part of the ***Certification of Counsel Regarding Pre-Petition Attorney's Fees and Costs*** [Doc. No. 36], with the withdrawal of the publication costs ($2,000.00), Debtor/Movant has no further objection as to remaining

claim of *foreclosure costs* ($593.81).

**B.  FORECLOSURE ATTORNEY'S FEES**

8.  More problematic has become the issue of the foreclosure attorney's fees claimed.  Counsel for Debtor/Movant advised the Bankruptcy Court on August 18, 2022 [Doc. No. 39] that he was still waiting for responses to the Interrogatories and Request for Production of Documents previously served upon Respondent on July 25, 2022 [Doc. No. 32].  Although incorrectly styled, the Bankruptcy Court graciously extended the period of response until September 9, 2022 [Doc. No. 40].

9.  As part of that Order, the Bankruptcy Court noted:

> **The *Response* does not raise any objection to the Certification of Counsel, rather it states that the Debtor is awaiting answers to some discovery requests that were served on Wilmington and it asks for additional time to object.**

10.  Clearly, Respondent and Counsel for Respondent were both on notice regarding the outstanding discovery issues.  By way of follow-up, on August 31, 2022, by e-mail, Counsel for Debtor/Movant inquired of Counsel for Respondent for an update as to when responses to the previous discovery requests that were sent would be forthcoming.

11.  On September 1, 2022, Counsel for Respondent responded by sending thirty-two (32) pages of servicing guidelines from Fannie Mae regarding foreclosures in Pennsylvania.  These guidelines only provide the ". . .*maximum* allowable attorney fees and costs. . ." in

any given instance in a forclosure. In fact, what those guidelines do not provide is the time actually incurred by the attorneys during the foreclosure proceeding. Inexplicably, Counsel for Respondent continued to down-play the outstanding discovery requests and indicated as follows:

> **I believe discovery is not necessary because all matters can be determined from my filed certification of attorney's fees, the filed POC and the applicable law. Judge Agresti will determine if the pre-petition foreclosure fees are reasonable after you file any objection your client may have.**

12. The complaint consisted of a *Notice to Defend* (2 pages), a standardized *Complaint in Mortgage Foreclosure* form (4 pages), an exhibit consisting of the formal legal description of the real property of the Debtor (1 page), a *Verification* (1 page) that was manually filled-in and signed by a representative of Statebridge Company, LLC, and a *Certificate of Compliance* (1 page).

13. The only other documentation filed in the case were a ten-day *Notice of Default* and a *Praecipe to Discontinue* as to the deceased wife of the Debtor.

14. Pursuant to 41 P.S. § 406, a mortgage lender is entitled to contract for attorney's fees and costs which are **reasonable and actually incurred** by the mortgage lender upon commencement of a foreclosure proceeding (emphasis added).

15. In response, Counsel for Debtor/Movant politely suggested to Counsel for Respondent that he may wish to review W.PA.LBR Rule 7037-1 regarding discovery disputes, while again insisting that

responses be made to outstanding discovery requests. As of today's deadline, no responses and/or previously requested documentation (except as otherwise noted-Fannie Mae guidelines) from Respondent and/or Counsel for Respondent have been provided regarding foreclosure attorney's fees purportedly incurred. Respondent had two choices: They had to either answer the interrogatories, or, if they has legitimate objections, they must state those objections more clearly. Instead, they have simply stonewalled attempts by Counsel for Debtor/Movant to obtain answers nor have they provided any objectively reasonable basis for their failure to do so.

16. Rule 37 requires the Court to consider whether to impose the costs of bringing the instant motion on the Respondent or their counsel. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted ... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

17. The Court may not impose costs if "(i) the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

**RELIEF REQUESTED**

Debtor/Movant, respectfully requests the Court enter an Order against Respondent and/or Counsel for Respondent in favor of Debtor/Movant granting the following relief, either together or in the alternative:

1. **ALLOWANCE** of *foreclosure costs* ($593.81) pursuant to the Certification of Counsel Regarding Pre-Petition Attorney's Fees and Costs;

2. **DISALLOWANCE** of **foreclosure attorney's fees** in the amount of $1,662.50 as a result of the recalcitrance of Respondent for failure to provide full and complete discovery on a timely basis;

3. **AWARD A MONETARY SANCTION** against Respondent in the amount of $5,000.00 for their actions in this matter;

4. **AWARD ATTORNEY'S FEES** in the amount of $2,500.00 to Michael J. Graml, Esq. payable by Respondent; and,

5. Any other relief the Court may deem just and proper.

Respectfully submitted,

Dated: September 9, 2022          /s/ MICHAEL J. GRAML
                                  MICHAEL J. GRAML, ESQ.
                                  Attorney for Debtor/Movant
                                  714 Sassafras Street
                                  Erie, PA 16501
                                  (814) 459-8288
                                  PA I.D. No. 50220
                                  mattorney@neo.rr.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | Case No. 22-<u> 10056 </u>-TPA |
| | : | (Chapter 13) |
| WAYNE V. LEWIS | : | Judge Thomas P. Agresti |
| | : | |
| Debtor. | : | |
| | : | |
| WAYNE V. LEWIS | : | Document No. |
| | : | |
| Movant, | : | Related to Document No. |
| | : | |
| vs. | : | |
| | : | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB | : | |
| | : | |
| Respondent. | : | |

**CERTIFICATE OF SERVICE OF OBJECTION TO THE CERTIFICATION OF COUNSEL ON THE OBJECTION TO THE ALLOWANCE OF THE CLAIM OF WILMINGTON SAVINGS FUND SOCIETY, FSB PURSUANT TO 11 U.S.C. § 502 AND BANKRUPTCY RULE 3007 AND MOTION FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 7037**

    I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on **September 9, 2022.**

    The type(s) of service made on the parties (first class mail, electronic notification, hand delivery, or another type of service) was: **Electronic Notification and First Class Mail.**

**ELECTRONIC NOTIFICATION**:

Ronda J. Winnecour, Esq.
Office of the Chapter 13 Trustee
USX Tower, Suite 3250
600 Grant Street
Pittsburgh, PA 15219
cmecf@chapter13trusteewdpa.com

**SERVICE BY FIRST CLASS MAIL:**

Michael Clark, Esq.
Richard M. Squire & Assoc., LLC
115 West Avenue, Suite 104
Jenkintown, PA 19046

| **ELECTRONIC NOTIFICATION**: | **SERVICE BY FIRST CLASS MAIL:** |
|---|---|
| Office of the U.S. Trustee<br>Liberty Center, Suite 970<br>1001 Liberty Avenue<br>Pittsburgh, PA 15219<br>ustpregion03.pi.ecf@usdoj.gov | Statebridge Company, LLC<br>6061 S. Willow Drive<br>Greenwood Village, CO 80111 |

    If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification and those served by mail will be listed under the heading Service by First Class Mail.

EXECUTED ON:

  September 9, 2022          /s/ MICHAEL J. GRAML
                                                      MICHAEL J. GRAML, ESQ.
                                                      Attorney for Debtor/Movant
                                                      714 Sassafras Street
                                                      Erie, PA 16501
                                                      (814) 459-8288
                                                      PA I.D. No. 50220
                                                      mattorney@neo.rr.com