FILED
9/13/22 2:40 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| WAYNE V. LEWIS, | : | Case No. 22-10056-TPA |
| *Debtor* | : | |
| | : | Chapter 13 |
| WAYNE V. LEWIS, | : | |
| *Movant* | : | Related to Doc. No. 45 |
| | : | |
| v. | : | Hrg.: Oct. 12, 2022 at 10:00 AM |
| | : | |
| WILMINGTON SAVINGS | : | |
| FUND SOCIETY, FSB, | : | |
| *Respondent* | : | |

### *ORDER*

Respondent, Wilmington Savings Fund Society, FSB ("Wilmington") filed Proof of Claim 3-1 on April 13, 2022. On May 20, 2022 the Debtor filed an objection to it at Doc. No. 25, raising objections to attorney fees and costs associated with a pre-petition foreclosure action that were included in the proof of claim. Wilmington filed a response to the objection on June 22, 2022 at Doc. No. 30. A hearing was held on July 27, 2022 and the Court issued an Order dated July 29, 2022 providing that on or before August 10, 2022 Wilmington was to file an itemization showing the actual out-of-pocket costs and fees related to the foreclosure. See, Doc. No. 34.

Wilmington then filed a *Certification of Counsel Regarding Pre-Petition Attorney's Fees and Costs* ("Certification") at Doc. No. 36. The *Certification* reduced the foreclosure cost component of the claim from $2,593.81 to $593.81, reflecting a $2,000 sale deposit that had been refunded to the Debtor because a foreclosure sale never took place. Documentation was attached to the *Certification* as to all of the cost items. The *Certification* showed the foreclosure attorney fee component remaining unchanged at $1,662.50.

The Court issued an Order dated August 12, 2022 which provided that on or before August 18, 2022 the Debtor could file any objection he might have to the costs and fees as shown in the *Certification.* See, Doc. No. 37. The Debtor filed a response indicating that he had served discovery requests on Wilmington regarding the costs and fees and expected a response in about a week. See, Doc. no. 39. He asked for additional time to file any objection he might have to the *Certification* so that he could first review the answers to discovery. The Court granted that request and entered an Order on August 19, 2022 giving the Debtor until September 9th to object to the *Certification.* See, Doc. No. 40.

The Debtor has now timely filed an ***Objection to the Certification of Counsel on the Objection to the Allowance of the Claim of Wilmington Savings Fund Society, FSB Pursuant to 11 U.S.C. § 502 and Bankruptcy Rule 3007 and Motion for Sanctions Pursuant to Bankruptcy Rule 7037*** ("Objection") at Doc. No. 45. In that *Objection* the Debtor states that with the withdrawal of the $2,000 sale deposit charge by Wilmington he has no further objection with respect to the cost component of the Wilmington claim. However, Debtor still objects to the attorney fee component of the claim, noting that on August 31, 2022 Debtor's attorney contacted Wilmington's attorney asking for an update as to when the discovery would be answered and received a response consisting only of Fannie Mae servicing guidelines for Pennsylvania foreclosures said to justify the fee being sought, but no actual time records for the attorney fees. Following that Debtor's attorney tried again to obtain responses to the discovery requests but has been "stonewalled." Generally speaking, the Debtor appears to be arguing that the foreclosure action in question required only minimal legal time such that the claimed attorney fee of $1,662.50 is unreasonable. Debtor is asking that the attorney fee be disallowed, that a sanction be awarded against Wilmington, and that attorney fees be awarded.

The Court is quite disappointed to learn that Wilmington through its attorney has refused to answer legitimate discovery requests posed to it. Even if Wilmington believes that the Fannie Mae guidelines justify the attorney fee it is seeking without reference to how much time was actually spent on the foreclosure, that would not excuse it from simply ignoring its discovery responsibilies as Wilmington is alleged to have done. Wilmington could have filed a motion for a protective order if it thought the discovery was improper, but it has not done so.

Furthermore, the Court is of the opinion that Wilmington currently is in violation of its July 29th Order (Doc. No.34) for failure to comply with it whereby it was required to provide an itemization of its fees related to the foreclosure in the first instance prior to August 10th. Normally under such circumstances the Court would issue an Order to Show Cause requiring Wilmington's chief executive officer and head of its Bankruptcy Department, among others, to personally appear in its Erie PA Courthouse, under the cloud of potential monetary sanction, and explain why it ignored the Court's clear directive. Fortunately for Wilmington, at this juncture, the Court will simply require Wilmington to respond to the discovery by, at a minimum, supplying any time records that exist for the attorneys that worked on the foreclosure action because the Court finds that such clearly falls within the permissible scope of discovery. The *Objection* will be scheduled for the next available hearing date for further consideration.

AND NOW, this ***13th*** day of ***September, 2022***, it is hereby ***ORDERED, ADJUDGED*** and ***DECREED*** that,

(1) ***On or before October 7, 2022*** Wilmington shall respond to the discovery requests previously served on it by the Debtor. At a minimum Wilmington must provide a detailed copy of any existing attorney time records for the foreclosure action, without objection. Wilmington must

also respond by that same deadline to any further discovery requests that the Debtor made, although if it has a good faith objection to any, it can raise such objection in its response.

(2)  **On or before October 7, 2022** Wilmington shall also file its Response to the *Objection*.

(3)  A hearing on the *Objection* is scheduled for **October 12, 2022 at 1:00 P.M** in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 S. Park Row, Erie, Pa. 16510.  Please note that this will be an *in-person only* hearing which will not be available on the Zoom Video Conference Application or via video from Courtroom C in Pittsburgh.  Attorney Michael Clark is required to personally appear. The Chapter 13 Trustee need not attend this hearing.

(4)  If Wilmington fails without reasonable excuse to comply with the requirements in Paragraph 1 of this Order the Court will impose an appropriate against it at the hearing to be held on October 12, 2022 for that reason alone, without prejudice to imposing additional sanctions at a later time including the grant of any other relief being sought by the Debtor in the *Objection*.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
  Michael Graml, Esq.
  Michael Clark, Esq.
  Ronda Winnecour, Esq.
  Office of the United States Trustee
  Debtor

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-10056-TPA |
| Wayne V. Lewis | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: auto | Page 1 of 1 |
| Date Rcvd: Sep 13, 2022 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 15, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Wayne V. Lewis, 9100 Silverthorn Road, McKean, PA 16426-1527 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 15, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 13, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor METROPOLITAN LIFE INSURANCE COMPANY bnicholas@kmllawgroup.com |
| Michael J. Graml | on behalf of Debtor Wayne V. Lewis mattorney@neo.rr.com mjgraml@verizon.net |
| Michael John Clark | on behalf of Creditor Wilmington Savings Fund Society FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III mclark@squirelaw.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |
| Stephen Russell Franks | on behalf of Creditor Metropolitan Life Company amps@manleydeas.com |

TOTAL: 6